Filed 12/16/13  P. v. Rodgers CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064251 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD232089) |
| MELVIN RODGERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Melvin Rodgers appeals from a postjudgment order denying his motion to transfer his probation department supervision to Arizona.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Rodgers did not respond to our invitation to file a supplemental brief.  After having independently

reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, Rodgers was convicted of possessing cocaine base for sale (Health & Saf. Code, § 11351.5) with an enhancement for prior narcotics convictions (*id*. § 11370.2, subd. (a)). The trial court sentenced Rodgers to county jail for a nine-year term, but suspended the concluding six years of the sentence pursuant to Penal Code section 1170, subdivision (h)(5)(B), during which Rodgers would be subject to mandatory supervision by the probation department.[1]

After Rodgers was released from jail and under mandatory supervision, he filed a motion with the sentencing judge in which he sought to modify the conditions of his mandatory supervision to allow him to live in Arizona where his wife and children were located. The People opposed the modification.

The trial court held a hearing at which it denied the motion to modify the conditions of Rodgers mandatory supervision, stating that the motion was "denied for

---

[1]     "In sentencing a defendant to county jail under [Penal Code] section 1170, subdivision (h)(1) or (2), the trial court has an alternative to a straight commitment to jail for the term specified by statute (*id.,* subd. (h)(5)(A)). It can impose a hybrid sentence in which it suspends execution 'of a concluding portion of the term' and sets terms and conditions for mandatory supervision by the county probation officer. (*Id.,* subd. (h)(5)(B).)" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671.)

now," but that Rodgers was welcome to renew the motion with the judge assigned to his mandatory supervision proceedings. Rodgers filed a notice of appeal.

## II

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issue: "Did the trial court deny appellant his constitutional rights by summarily denying his interstate transfer request?" After we received counsel's brief, we gave Rodgers an opportunity to file a supplemental brief, but he did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Rodgers has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____
                                              IRION, J.

WE CONCUR:


_____
        BENKE, Acting P. J.


_____
        AARON, J.

4